UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH DELOREAN,

     Plaintiff,

                                        Case No. 15-cv-13704

                                        Hon. Matthew F. Leitman

v.

COACH, INC.,

     Defendant.

---

## STIPULATED PROTECTIVE ORDER

To control the discovery and dissemination of confidential or proprietary information, or information which could annoy, embarrass, or oppress any party, witness, non-party, or person providing discovery in this case (hereafter collectively referred to as "Confidential Information"), IT IS ORDERED:

1.    "Confidential Information" will include confidential or proprietary business information, confidential personal information of a kind not ordinarily shared with third parties, or information relating to personal privacy interests. For purposes of this Order, the following categories of documents and information will generally be considered "Confidential Information" and subject to this Protective Order:

- Trade Secrets, as defined by any applicable law, statute, common law, civil law, or regulation;

- Confidential or proprietary business information, including all information related to financial or business plans, data or projections; proposed plans and strategies; studies or analyses by internal or external experts; financial or tax data; competitive analyses; compensation planning; personnel files; matters subject to confidentiality or non-disclosure agreements with third parties; or other documents or information that a party in good faith believes to contain non-public information that is entitled to Confidential treatment under applicable law.

- Individual tax returns, medical records, educational transcripts and other information of a sensitive and personal nature.

2.      Confidential Information subject to this Protective Order may, depending on the content, be included in a variety of documents, including but not limited to: documents voluntarily provided for purposes of advancing facilitation efforts or other alternative dispute resolution; documents produced pursuant to written discovery; answers to interrogatories; responses to requests for admission; deposition testimony; and other information disclosed in the context of discovery of this case by any party or disclosed pursuant to the discovery procedures created by the Federal Rules of Civil Procedure.

3.      Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case, *Elizabeth DeLorean v. Coach, Inc.*, Case No. 2:15-cv-13704, and will not be used in any other litigation, or disclosed to the media unless it is made public at trial. If material is made public at trial in only a limited fashion, any disclosures authorized by this section will be subject to the same limitations.

2

4.     Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to any person, except that such information may be disclosed to:

     (a)     attorneys actively working on this case;

     (b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case, including employees of Defendant;

     (c)     The parties, including Plaintiff and Defendant;

     (d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

     (e)     mediators, facilitators, or other persons retained by the parties to assist in the resolution of this matter, and their staff;

     (f)     the Court and its employees ("Court Personnel");

     (g)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

     (h)     Deposition, trial, or hearing witnesses or potential witnesses.

5.     Prior to disclosing any Confidential Information produced by the opposing party to any witness or potential witness other than the Parties, Defendant's current agents, persons employed by counsel, mediators and facilitators, Court Personnel, and/or stenographic reporters, counsel shall provide

3

such person with a copy of this Protective Order and Exhibit A, inform such person that the document(s) being provided are subject to the Protective Order, and secure agreement to Exhibit A. However, Defendant's current agents who do not sign Exhibit A will only be permitted to view Confidential Information from the time period of their employment/agency with Defendant in the presence of counsel (unless they sign Exhibit A), and must not make notes based on, or retain copies, of Confidential Information. Plaintiff's counsel must maintain a list of Defendant's current agents who do not sign Exhibit A with whom Confidential Information is shared.

The parties dispute whether this Paragraph 5 is a practical, valid or necessary provision—with Plaintiff opposing the requirement and Defendant supporting it. Plaintiff reserves the right to bring this issue before the Court and nothing in this Order shall be deemed to carry any imprimatur favoring this stipulated Paragraph 5 for purposes of resolving such future dispute, if necessary. Until the Court rules on any such dispute, solely to facilitate the convenient exchange of discovery, the parties agree that this Paragraph 5 shall apply, and confidential information must be shared only consistent with its terms.

6.     Documents shall be designated as Confidential Information by counsel by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL" or "PRODUCED

PURSUANT TO PROTECTIVE ORDER" or a substantially similar designation. If the document did not originate from the party seeking to affix the Confidential Information label, or was not produced in this action by that party, but is nevertheless Confidential Information as defined in this Order, the Confidential Information designation will occur upon written notice of that designation provided to all counsel of record within twenty (20) days after receipt of the information or document containing Confidential Information. Subject to the procedures in Paragraph 9, upon such notice the document will be treated as Confidential Information within the meaning of this Protective Order. Further, a party's medical records, tax records, or records with social security numbers whether produced by any party or a third party (*i.e.*, a physician), will automatically be treated as Confidential Information.

7.     Whenever a deposition involves the disclosure of Confidential Information, the portion of the testimony involving the Confidential Information shall be designated as confidential by counsel and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription, provided written notice of the designation is promptly given to all counsel of record within twenty (20) days after the designating party receives the complete transcript.

8.      The inadvertent production by any of the undersigned parties or non-parties of documents, testimony, or other information subject to this Order during discovery without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any documents, testimony, or other information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the documents, testimony, or other information shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a copy of the documents, testimony, or other information that are marked "Confidential." (the "Inadvertent Production Notice").

Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced documents, testimony, or information shall take steps to ensure treatment of the materials under this Order. The Party that received the inadvertently-produced document should return (at the expense of the producing party) or destroy the inadvertently-produced document. If returning or destroying inadvertently-disclosed copies is not reasonably possible (including, for instance, when copies of the document have already been annotated by opposing counsel with her mental impressions), the receiving party should manually add a "Confidential" label to the inadvertently-produced copies.

6

This provision is not intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, testimony, or other information, such law shall govern.

9.      A party may object to the designation of Confidential Information by giving written notice to the party designating the disputed information as Confidential Information. The written notice shall specifically identify the information to which the objection is made. If the notice above was provided within 21 days after the production of documents, and the parties cannot resolve the objection, it will be the obligation of the party seeking the designation as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information is "Confidential" under the terms of this Protective Order. But if the written notice is provided *more* than 21 days after the production of the documents in question, the objecting party has the obligation to file a motion challenging the confidentiality designation.

Such motion must be filed within twenty-one (21) days after the written objection to the Confidential Information designation was submitted. The disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. In connection with any

7

motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that the information may be treated as Confidential under the terms of this protective order and applicable law. This paragraph concerns only the process of reviewing the validity of a confidentiality designation as defined in this Order; the distinct issue of filing confidential material under seal is addressed in Paragraph 11, and is to be determined by the applicable law regarding the sealing of court filings.

10.    In the event that any party receives a third-party subpoena or other form of legal process requesting Confidential Information in this case and prior to producing Confidential Information, the party receiving such request will provide the opposing party written notice that such a request was received as soon as possible (but no later than five days from receipt) and provide a copy of the request with the written notice.

11.    Confidential Information may be filed with the Court. If any Confidential Information is to be filed with the Court, the party seeking to file it ("filing party") shall provide advance notice of the intention to do so and identify the documents that will be filed, so that the other party ("opposing party") may file a motion to file the information under seal. If such notice is given less than three days before filing—and the opposing party indicates that it intends to seek an order sealing the identified documents—the filing party shall initially file a document

8

that omits the confidential information and inserts placeholders where that information would otherwise be set forth. The opposing party will have seven (7) days to file a motion to seal; if the opposing party does not do so, the filing party may file the full document without placeholders. The Court shall provide how it wishes sealed materials to be filed, if it orders sealing.

This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

Whenever a motion or stipulation to seal is filed, the party seeking to file under seal shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted via the link located under the "Utilities" section of CM/ECF.

In the case of medical, employment, educational, and financial records, as well as deposition transcripts, counsel may redact the appropriate non-pertinent personal, financial, or health information contained therein. Examples of "non-pertinent personal, financial, or health information" include: social security numbers, bank account numbers, dates of birth, names and dates of birth of minor children, home addresses, and telephone numbers, where these subjects are not at issue.

12.    At the conclusion of this case, each document designated as Confidential Information shall be returned to the party designating them as confidential. The parties may agree to destroy documents containing Confidential Information by way of a mutually agreed-upon procedure, including all reasonably accessible electronic data containing the Confidential Information (but, unless the parties agree otherwise in good faith, deletion and destruction from back-up tapes or disaster recovery systems is not contemplated). Where the parties agree to destroy documents containing Confidential Information, the destroying party shall provide all parties with an affidavit confirming the destruction.

The parties disagree over whether counsel may retain one copy of the confidential information at the end of the case—with Defendant opposing such retention and Plaintiff supporting it. If after the final disposition of this matter the parties cannot mutually agree on a retention policy, the party seeking total

10

destruction shall file a motion with the Court. In all cases, the protections of this Order shall survive the close of the case.

13.    Any document subject to this Protective Order when produced will remain protected unless the parties agree in writing to remove the designation, or as otherwise ordered by the Court.

14.    This Protective Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard. This Protective Order is without prejudice to the right of any party to admit Confidential Information as evidence, or the right of any party to contest the admissibility, discoverability, or privileged status of any document or information.

15.    In order to permit discovery to proceed without further delay, the parties agree that this Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter; however, documents may not be filed under seal in the Court until the entry of this Order. Within thirty (30) days after entry of this Order and subject to the procedures set forth in this Order, either party may designate as Confidential Information any documents or information produced prior to entry of this Protective Order, including materials produced at any time after the commencement of this case.

11

16.   The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

IT IS SO ORDERED.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2016

12

The above order is stipulated to:


/s/ Sarah S. Prescott (with permission)          /s/ Elizabeth P. Hardy
DEBORAH GORDON LAW                               Elizabeth P. Hardy (P37426)
By: Deborah Gordon (P27058)                      Thomas J. Davis (P78626)
    Sarah S. Prescott (P70510)              KIENBAUM OPPERWALL HARDY
33 Bloomfield Hills Parkway                        & PELTON, P.L.C.
Suite 220                                        Attorneys for Defendants
Bloomfield Hills, MI 48304                       280 N. Old Woodward Avenue
(248) 258-2500                                   Suite 400
dgordon@deborahgordonlaw.com                     Birmingham, MI 48009
sprescott@deborahgordonlaw.com                   (248) 645-0000
                                                 ehardy@kohp.com
                                                 tdavis@kohp.com


*Attorneys for Plaintiff*                        *Attorneys for Defendant*

13

# EXHIBIT A

CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], am about to receive a disclosure of Confidential Information supplied in connection with the federal lawsuit entitled *DeLorean v. Coach, Inc.*, Case No. 2:15-cv-13704, that is currently pending in the United States District Court for the Eastern District of Michigan. I certify that I understand that the Confidential Information is being disclosed to me subject to the terms and restrictions of a Protective Order filed in this proceeding. I agree that I have been given a copy of the Protective Order, that I have read it, and that I agree to be bound by its terms.

I understand that the Confidential Information, as defined in the Protective Order, including notes or other records that may be made regarding the materials, shall not be disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this litigation, any Confidential Information obtained pursuant to the Protective Order, except as provided herein or otherwise ordered by the Court in this litigation.

I further understand that I am to retain all copies of all Confidential Information provided to me in this litigation in a secure manner, and that all copies of such Confidential Information are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with the Confidential Information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:_____

Signature: _____

Printed Name: _____

Address: _____

_____

Telephone: _____