UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH DELOREAN,

       Plaintiff,

v.

COACH, INC.,

       Defendant.

Case No. 2:15-cv-13704

Honorable Matthew F. Leitman

Magistrate R. Steven Whalen

_____/

SALVATORE PRESCOTT PLLC
By:  Sarah S. Prescott (P70510)
105 E. Main Street
Northville, MI 48167
(248) 679-8711
sprescott@salvatoreprescott.com


*Counsel for Plaintiff*

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.
By:  Elizabeth P. Hardy (P37426)
     Thomas J. Davis (P78626)
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com
tdavis@kohp.com

*Counsel for Defendant*

_____/

**COACH'S MOTION TO COMPEL PLAINTIFF TO SIGN
AUTHORIZATIONS FOR RELEASE OF MEDICAL INFORMATION**

Defendant Coach, Inc. ("Coach"), by its attorneys, Kienbaum Opperwall Hardy & Pelton, P.L.C., hereby file their motion to compel Plaintiff Elizabeth DeLorean to sign authorizations for the release of certain medical records. For reasons set forth more fully in the accompanying brief, Coach requests that the Court grant their motion, and order:

1.      That within five days of entry of the order, Plaintiff must sign authorizations permitting the following providers or insurers to release Plaintiff's medical records from 1/1/2002 through the present:

    a.  Robert B. Pohl, M.D.

    b.  Dr. Hashim Alani

    c.  Dr. Mary Alani

    d.  Beaumont Weight Control Center

    e.  Dr. Carmen Bogdan

    f.  Dr. Thomas Chwierut

    g.  CVS Caremark

    h.  Dr. Linda Frey

    i.  Dr. Sangeeta Kaur

    j.  Dr. Laura Lucas

    k.  Royal Oak Beaumont Hospital

    l.  Royal Oak Medical Center

m. Michigan Department of Health and Human Services

Coach sought Plaintiff's concurrence in the relief requested in this motion, but such concurrence was not granted, necessitating the filing of this motion.

WHEREFORE, Coach respectfully requests that the Court grant Coach's motion and compel Plaintiff to sign the authorizations.

Respectfully submitted,

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.

*s/Elizabeth P. Hardy*
By:   Elizabeth P. Hardy (P37426)
        Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009
(248) 645-0000
epelton@kohp.com
tdavis@kohp.com

Dated:  March 17, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH DELOREAN,

      Plaintiff,

v.

COACH, INC.,

      Defendant.

Case No. 2:15-cv-13704

Honorable Matthew F. Leitman

Magistrate R. Steven Whalen

_____/

SALVATORE PRESCOTT PLLC
By:  Sarah S. Prescott (P70510)
105 E. Main Street
Northville, MI 48167
(248) 679-8711
sprescott@salvatoreprescott.com


*Counsel for Plaintiff*

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.
By:  Elizabeth P. Hardy (P37426)
      Thomas J. Davis (P78626)
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com
tdavis@kohp.com

*Counsel for Defendant*

_____/

**COACH'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL
PLAINTIFF TO SIGN AUTHORIZATIONS FOR RELEASE OF MEDICAL
INFORMATION**

## TABLE OF CONTENTS

CONCISE STATEMENT OF THE ISSUE PRESENTED....................................... ii

PRINCIPAL AUTHORITIES RELIED ON .......................................................... iii

INTRODUCTION ...................................................................................................1

FACTUAL BACKGROUND ...................................................................................2

ARGUMENT ...........................................................................................................4

CONCLUSION ........................................................................................................6

## CONCISE STATEMENT OF THE ISSUE PRESENTED

Plaintiff's claims of weight discrimination and intentional infliction of emotional distress have placed her medical status and mental health at issue. She has already signed blanket authorizations for records dated January 1, 2007 through the present, but refuses to sign updated authorizations for records going back to 2002, despite referring Coach to those medical records in her deposition, and despite the relevance of those records to her claims. Should the Court issue an order compelling Plaintiff to sign the updated authorizations because she has a duty to cooperate in discovery?

# PRINCIPAL AUTHORITIES RELIED ON

## Cases

*Maday v. Public Libraries of Saginaw*,
 480 F.3d 815 (6th Cir. 2007)................................................................................5

*Preservation Prods., L.L.C. v. Nutraceutical Clinical Labs. Int'l, Inc.*,
 214 F.R.D. 494 (N.D. Ill. 2003) ..........................................................................4

*Uszak v. Yellow Transportation, Inc.*,
 343 F. App'x 102 (6th Cir. 2009).........................................................................4

*Wilson v. Rouleau,* No. 11-12261,
 2013 WL 441146 (E.D. Mich. Jan. 17, 2013) (Whalen, J.) ................................6

## Rules

Fed. R. Civ. P. 26(b) .................................................................................................5

## INTRODUCTION

Plaintiff Elizabeth DeLorean is seeking economic and emotional distress damages from Defendant Coach, Inc. based on two theories, both of which rely on her alleged physical and mental health status: weight discrimination and intentional infliction of emotional distress. Coach initially sought Plaintiff's medical records from January 1, 2007 through the present because Plaintiff's complaint implied that her weight issues arose entirely *after* her 2007 promotion to store manager (the position she held when she was terminated.) Plaintiff signed blanket authorizations for the release of that 2007-to-present data, without objection.

During her deposition, Plaintiff revealed—contrary to the implication of her complaint—that she had gained and lost 100 pounds between 2002 and 2006. In that time period, Plaintiff had been hired by Coach and promoted *twice.* She also suggested in her deposition that her final period of weight loss in 2006 had something to do with her *third* promotion to store manager in 2007. Coach has a right to review Plaintiff's medical records from the 2002-2006 time frame, both because her medical condition during that time has been placed at issue, and because that evidence might show that she was hired or promoted at a time she was significantly overweight—strong exculpatory evidence in light of Plaintiff's discrimination claims. The Court should compel Plaintiff to sign the updated authorization forms.

## FACTUAL BACKGROUND

Plaintiff's lawsuit contains two claims: weight discrimination under the Elliot-Larsen Civil Rights Act, and intentional infliction of emotional distress. Dkt 1, ¶¶ 37-50. Among other things, she alleges that Coach was "predisposed to discriminate on the basis of Plaintiff's weight and acted in accordance with this disposition." *Id.* ¶ 42. Plaintiff's asserted damages includes harm from "mental anguish," "physical and emotional distress," "humiliation, mortification, embarrassment, and anxiety." *Id.* ¶¶ 45, 50.

In light of her medical and mental health allegations, Coach sought to discover Plaintiff's medical and mental health records, including in its first request for production of documents. Ex. A. Coach initially limited those requests to the time period of January 1, 2007 to the present—choosing that date because Plaintiff's complaint implied that she was "healthy and petite" when she was hired through her promotion to store manager in 2007, but that "[b]eginning in 2010, Plaintiff began to gain weight." Dkt. 1, ¶¶ 12-13. Plaintiff signed authorizations for *all* of these medical providers without stating any objection, for the period 1/1/2007 through the present. *See* Ex. B.

During Plaintiff's deposition, however, it became immediately clear that the implication in Plaintiff's complaint was false—that, in fact, Plaintiff's weight had fluctuated by some 100 pounds between her hiring in 2002 and her promotion to

-2-

store manager in 2007. *See, e.g.*, Ex. C, Pl's Dep. 17-19, 193. During that time frame, Plaintiff was promoted twice (to associate manager in October 2002, and a promotion to a higher-volume store in February 2004), and was entrusted with acting manager duties as well. *Id.* at 203-04. Plaintiff could not provide specific details about her weight during that 2002-2006 timeframe. *See, e.g.*, Ex. C, Pl's Dep. at 190-203. Instead, she suggested that such information could be found in her medical records. *Id.* at 194-95, 195-96. Indeed, her counsel *objected* to Coach's line of questioning regarding her weight during this time period by stating, inaccurately, that it was "unnecessary because all of her medical records have been released," *id.* at 192-93. Plaintiff also implied, during her deposition, that her significant weight loss during the end of this 2002-2006 period was related to her final, 2007 promotion to store manager. *Id.* at 18, 244-45.

In light of this deposition testimony, Coach sought updated authorizations for Plaintiff's medical records from January 1, 2002 to January 1, 2007—*i.e.*, the years during which she worked for Coach that had not already been requested. Plaintiff, however, has refused to sign updated medical authorizations—and refused to sign *any* authorizations for pharmaceutical records. Rather, Plaintiff now claims that (unlike with the 2007-to-present medical records) she could subpoena the records herself and then pick and choose which ones that Coach could see. Ex. C. No plausible explanation was given as to why *all* the 2007-2016 records could

-3-

be released directly to Coach, while the 2002-2006 records—and all of Plaintiffs' pharmaceutical records—could only be released in limited fashion. *Id.*

### ARGUMENT

In light of the extensive medical and mental health allegations made by Plaintiff, it is reasonable and appropriate for Coach to review *all* medical records from Plaintiff's employment at Coach, *particularly* when (1) her suggestion of weight discrimination may be undermined by evidence showing that she was promoted and/or entrusted with greater responsibilities at Coach despite being overweight; and (2) she has implied that Coach's decision to promote her in 2007 was related to her alleged 2006 weight loss. Plaintiff has a duty to sign those authorizations, and the Court should order her to do so.

Specifically, a party who has control over the release of documents in the possession of a third-party is expected to cooperate in the production of those documents by giving her consent. *See e.g., Preservation Prods., L.L.C. v. Nutraceutical Clinical Labs. Int'l, Inc.*, 214 F.R.D. 494, 495 (N.D. Ill. 2003) (granting motion to compel party's consent to release of third-party documents). Similarly, in *Uszak v. Yellow Transportation, Inc.*, 343 F. App'x 102 (6th Cir. 2009), the Sixth Circuit approved the trial court's order that the plaintiffs, having waived any physician-patient privilege by placing their physical and mental conditions at issue, had a duty to execute the appropriate releases to enable

-4-

subpoenaing the records or else to file a motion to quash. The plaintiffs' counsel could not simply "refuse to have his clients execute the documents." *Id.* at 105.

Nor can a Plaintiff unilaterally decide to only selectively permit an opponent to view medical records. For instance, in *Maday v. Public Libraries of Saginaw*, 480 F.3d 815 (6th Cir. 2007), the plaintiff—who like Plaintiff here was seeking emotional distress damages—tried to exclude from consideration some but not all of her mental health records. *Id.* at 820. The court disagreed the plaintiff could selectively exclude portions of her mental health record, at least absent the trial court's ruling on trial admissibility under FRE 403. *See id.* at 821. *A fortiori*, Plaintiff may not selectively pick and choose what medical evidence she will provide in discovery. *See* Fed. R. Civ. P. 26(b) ("information within this scope of discovery need not be admissible in evidence to be discoverable.")

Here, there is no basis for Plaintiff's decision to refuse to sign the updated authorizations. She has *already* signed blanket authorizations to release medical records from 2007 to the present, and thus has essentially forfeited any argument that medical documents should be produced in piecemeal fashion, at Plaintiff's discretion. Plaintiff's selective refusal to provide Coach with additional records from 2002-2006 (and pharmaceutical records for any period) is thus particularly inappropriate. The Court can and should issue an order compelling Plaintiff to sign the authorizations without further delay. *See Wilson v. Rouleau,* No. 11-12261,

2013 WL 441146, at *1 (E.D. Mich. Jan. 17, 2013) (Whalen, J.) (noting prior order

compelling party to sign HIPAA authorization) (Ex. D).

## CONCLUSION

Coach respectfully requests that Plaintiff be compelled to sign HIPAA

authorizations for her 2002-2006 medical records.

Respectfully submitted,

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.

*s/Elizabeth P. Hardy*
By:   Elizabeth P. Hardy (P37426)
       Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@kohp.com
tdavis@kohp.com

Dated:  March 17, 2016

246163

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

s/*Elizabeth P. Hardy*
Elizabeth P. Hardy
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@kohp.com
(P37426)