UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH DELOREAN,

     Plaintiff,

v.

COACH, INC.,

     Defendant.

Case No. 2:15-cv-13704

Honorable Matthew F. Leitman

Magistrate R. Steven Whalen

_____/

SALVATORE PRESCOTT PLLC
By:  Sarah S. Prescott (P70510)
105 E. Main Street
Northville, MI 48167
(248) 679-8711
sprescott@salvatoreprescott.com


*Counsel for Plaintiff*

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.
By:  Elizabeth P. Hardy (P37426)
     Thomas J. Davis (P78626)
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com
tdavis@kohp.com

*Counsel for Defendant*

_____/

**DEFENDANT COACH, INC.'S MOTION TO ALLOW RULE 35
FORENSIC MEDICAL EXAMINATION OF PLAINTIFF ELIZABETH
DELOREAN AND MOTION TO EXPEDITE BRIEFING SCHEDULE**

Defendant Coach, Inc. ("Defendant"), by its attorneys, Kienbaum Opperwall Hardy & Pelton, P.L.C., hereby file their motion for an order, under Federal Rule of Civil Procedure 35, compelling Plaintiff Elizabeth DeLorean to appear for a forensic mental health examination by Dr. Liza H. Gold and Dr. Daniel Murrie at such dates, times and places as shall be mutually arranged or ordered by the Court. For the reasons set forth more fully in the accompanying brief, Coach requests that the Court order the examination.

Further, in light of the already-scheduled May 12, 2016 motion hearing and status conference related to discovery issues, Coach requests that the Court expedite the briefing schedule. It proposes that Plaintiff file her response to the Motion on May 10, 2016 and Coach's reply, if any, to be filed by May 11, 2016. Coach sought concurrence in the substantive relief requested in this motion on March 31, 2016 and April 21, 2016—and for the procedural relief on May 2, 2016. Concurrence was not obtained, thus necessitating the filing of this motion.

Respectfully submitted,

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.

By: */s/Thomas J. Davis*
     Elizabeth P. Hardy (P37426)
     Thomas J. Davis (P78626)
Attorneys for Defendant Coach, Inc.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000

2

ehardy@kohp.com
tdavis@kohp.com

Dated:  May 2, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH DELOREAN,

      Plaintiff,

v.

COACH, INC.,

      Defendant.

Case No. 2:15-cv-13704

Honorable Matthew F. Leitman

Magistrate R. Steven Whalen

_____/

| | |
|---|---|
| SALVATORE PRESCOTT PLLC<br>By:  Sarah S. Prescott (P70510)<br>105 E. Main Street<br>Northville, MI 48167<br>(248) 679-8711<br>sprescott@salvatoreprescott.com<br><br><br>*Counsel for Plaintiff* | KIENBAUM OPPERWALL<br> HARDY & PELTON, P.L.C.<br>By:  Elizabeth P. Hardy (P37426)<br>    Thomas J. Davis (P78626)<br>280 N. Old Woodward Avenue<br>Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@kohp.com<br>tdavis@kohp.com<br><br>*Counsel for Defendant* |

_____/

**BRIEF IN SUPPORT OF DEFENDANT COACH, INC.'S MOTION TO ALLOW RULE 35 FORENSIC MEDICAL EXAMINATION OF PLAINTIFF ELIZABETH DELOREAN AND MOTION TO EXPEDITE BRIEFING SCHEDULE**

# TABLE OF CONTENTS

STATEMENT OF ISSUE PRESENTED ................................................................ iii

TABLE OF AUTHORITIES ................................................................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. vi

INTRODUCTION ....................................................................................................1

FACTUAL BACKGROUND ...................................................................................2

ARGUMENT ...........................................................................................................5

I.    The Court should order Plaintiff's medical examination because she has put her mental health in controvery. ................................................................5

II.   The conditions Plaintiff is attempting to place on the examination are unwarranted. .................................................................................................10

III.  This motion should be heard at the pending May 12 hearing date. ..............12

CONCLUSION ......................................................................................................13

## STATEMENT OF ISSUE PRESENTED

A defendant is entitled to a forensic mental examination of the plaintiff under Rule 35 if the plaintiff puts her mental condition into controversy. This occurs if, among other things, the plaintiff brings a claim for intentional infliction of emotional distress; seeks damages for severe emotional distress; or if the party concedes the issue. Here, Plaintiff has an intentional infliction claim, asserts severe emotional distress in connection with her weight discrimination claim, and has effectively conceded that her mental health is at issue. Should the Court thus order Plaintiff to submit to a mental examination?

# TABLE OF AUTHORITIES

## Cases

*Beightler v. SunTrust Banks, Inc.*,
  No. 2:07-cv-02532-DV, 2008 WL 1984508 (W. D. Tenn. Apr. 30, 2008) ..........8

*Gaines-Hanna v. Farmington Public Sch.*,
  No. 04-cv-74910, 2006 WL 932074 (E.D. Mich. April 7, 2006) ............ 6, 7, 8, 9

*Green v. Michigan Dept. of Natural Resources*,
  No. 08-14316, 2009 WL 1883532 (E.D. Mich. June 30, 2009)................... 7, 8, 9

*Lahar v. Oakland Cty.*,
  No. 05-72920, 2006 WL 2269340 (E.D. Mich. Aug. 8, 2006) .................... 11, 12

*LeFave v. Symbios, Inc.*,
  No. CIV.A. 99-Z-1217, 2000 WL 1644154 (D. Colo. Apr. 14, 2000) .................7

*Powers v. Chase Bankcard Servs., Inc.*,
  No. 2:10-CV-332, 2011 WL 1882365 (S.D. Ohio May 17, 2011) .....................11

*Schlagenhauf v. Holder*,
  379 U.S. 104 (1964) .......................................................................... 6

*Simpson v. Univ. of Colorado*,
  220 F.R.D. 354, 363 (D. Colo. 2004) .................................................10

*Stevenson v. Stanley Bostitch, Inc.*,
  201 F.R.D. 551 (N.D. Ga. 2001) ........................................................7

*Sultan v. Roush Industries, Inc.*,
  No. 08-11002, 2008 WL 5188818 (E.D. Mich. Dec. 10, 2008) ................ 6, 7, 12

*Torrey v. Marion Cty. Sch. Bd.*,
  No. 5:12-CV-662-OC-10PRL, 2014 WL 457766 (M.D. Fla. Feb. 4, 2014) .......11

*Turner v. Imperial Stores*,
  161 F.R.D. 89 (S.D. Cal. 1995).........................................................7

*Williams v. Serra Chevrolet Automotive, LLC*,
  No. 12-CV-11756, 2013 WL 3467314, at*1 (E.D. Mich. July 10, 2013) ...........12

**Rules**

Fed.R.Civ.P. 35 ................................................................................................. *passim*

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**

*Beightler v. SunTrust Banks, Inc.*,
   No. 2:07-cv-02532-DV, 2008 WL 1984508 (W. D. Tenn. Apr. 30, 2008)

*Gaines-Hanna v. Farmington Public Sch.*,
   No. 04-cv-74910, 2006 WL 932074 (E.D. Mich. April 7, 2006)

*Green v. Michigan Dept. of Natural Resources*,
   No. 08-14316, 2009 WL 1883532 (E.D. Mich. June 30, 2009)

*Lahar v. Oakland Cty.*,
   No. 05-72920, 2006 WL 2269340 (E.D. Mich. Aug. 8, 2006)

*Schlagenhauf v. Holder*, 379 U.S. 104 (1964)

*Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 363 (D. Colo. 2004)

*Sultan v. Roush Industries, Inc.*,
   No. 08-11002, 2008 WL 5188818, at *1 (E.D. Mich. Dec. 10, 2008)

*Williams v. Serra Chevrolet Automotive, LLC*,
   No. 12-CV-11756, 2013 WL 3467314, at*1 (E.D. Mich. July 10, 2013)

**Rules**

Fed.R.Civ.P. 35 ............................................................................... *passim*

## INTRODUCTION

Plaintiff Elizabeth DeLorean, a former Store Manager for Defendant Coach, Inc., asserts claims for intentional infliction of emotional distress and weight discrimination under the Elliott-Larsen Civil Rights Act ("ECLRA"). She seeks damages for, among other things, mental anguish, humiliation and embarrassment, severe and serious emotional distress, mortification, and anxiety. By bringing an intentional infliction claim, and seeking damages for allegedly severe emotional distress, her mental health is at issue.

Coach thus asked that Plaintiff stipulate to an order for a mental examination pursuant to Rule 35. The requested examination consists of two parts—psychological testing by Dr. Daniel Murrie and a subsequent forensic psychiatric examination by Dr. Liza Gold. Each part takes between 4-6 hours and for the comfort of the examinee, usually takes place on two different days. This two-part examination is standard, and courts have routinely allowed it.

Plaintiff has effectively conceded that Coach is entitled to a Rule 35 examination. She has, however, refused to stipulate to an examination unless Coach agrees to several conditions: (a) her counsel wants to be present at the examination; (b) she wants to limit Coach to one-half of the examination; (c) she wants a five-hour time limit; and (d) she wants to artificially limit the manner in which the examination is done. These proposed restrictions are inappropriate. The

1

attorneys in this case are not doctors; but the experts are. Dr. Gold's affidavit explains the nature of her examination and the purpose of the two parts, which she uses to render opinions to a reasonable degree of medical certainty. Plaintiff has no basis to impose any conditions, and the Court should order Plaintiff to submit to the standard examination.

## FACTUAL BACKGROUND

Plaintiff Elizabeth DeLorean, a former store manager at Coach, alleges that she was terminated in 2013 because of her weight, and that Coach intentionally inflicted "severe and serious" emotional distress upon her, again based on her weight. Dkt. 1, Complaint ¶¶ 37-45, 46-50. Throughout her complaint, she makes allegations supporting these alleged emotional distress injuries, including claims that Coach employees encouraged her to lose weight, take synthetic weight loss hormones, join Weight Watchers, watch "the Biggest Loser," and have bariatric surgery. *Id.* ¶¶ 15, 17, 25. She also claims her supervisor routinely discussed weight loss with Plaintiff and belittled others for their weight. *Id.* ¶ 32.

In describing her alleged damages for weight discrimination, Plaintiff claims that she suffered damages in the form of "mental anguish, physical and emotional distress, humiliation and embarrassment, loss of professional reputation, and loss of the ordinary pleasure of everyday life." *Id.* ¶ 45. As for intentional infliction of emotional distress, she characterizes her emotional distress as "severe and serious,"

and says that she has suffered "humiliation, mortification, embarrassment, and anxiety." *Id.* ¶¶ 49-50.

Plaintiff continued in this vein during her deposition. She claimed that she was "shook up," "upset," and had a "hard time getting myself out of the house." Ex. A, Pl's Dep. at 62. She claimed that she "couldn't get off the coach," and "wasn't able to attend birthday parties, friends' functions, [or] anything social" because her termination was "incredibly, incredibly humiliating." *Id.* at 63. She claimed that she was "so upset, so shocked, so distraught, so disappointed" that had "no contact with" people she'd interacted with every day for years. *Id.* at 65. She also said, multiple times, that her emotional injuries were "extreme," that "it's still extreme," and that she was still "having a hard time and I'm not back to where I was." *Id.* at 67-69; *see also id.* at 74-75.

Plaintiff has not yet identified experts, as disclosures are not due until June. She has, however, included her medical records as relevant documents in her initial disclosures, and identified therapist Linda Frey as a witness. *See* Ex. B p.5. Plaintiff also says that she has released all of her mental health records without limitation (which Coach disputes), arguing in response to a pending discovery motion that she "is not a plaintiff seeking emotional distress damages who at the same time refuses to disclose mental health material." Dkt. 16, Pg ID 124.

Due to the nature of Plaintiff's claims and the damages alleged, Coach asked Plaintiff to stipulate to an order permitting a forensic mental health examination under Rule 35. Ex. C (3/31/16 letter from Davis to Prescott). Coach explained that Dr. Liza Gold would perform the psychiatric portion of the examination, with Dr. Daniel Murrie performing the psychological testing. *Id.* It is customary for a forensic psychologist to first administer psychological testing, the results of which the forensic psychiatrist then reviews and incorporates into the final report. Ex. D, Declaration of Liza Gold ¶¶ 3-5, 8a. The testing typically would be the day before the forensic examination. *Id.* ¶ 7.

Plaintiff's counsel indicated verbally that Defendant likely would be entitled to such an examination, but that if there were such an examination, she wanted certain conditions imposed, namely:  (1) Plaintiff's counsel would be permitted to be present during the examination, (2) there would be a time limit on the exam, although she did not specify the desired time limit, and (3) there would be no "personality testing," although she did not define what she meant by that. *See* Ex. E (4/21/16 Letter from Davis to Prescott). Coach's counsel explained that it would not agree to Plaintiff's counsel to be present during the examination, or to any limitations that would interfere with the experts' ability to perform their assessment. *Id.* Counsel further explained that each part of the examination would take approximately four to six hours, and that the examination was customarily

-4-

performed over two days. *Id.* Counsel further stated that if Plaintiff wished to do the psychological testing and psychiatric examination in one day, he could discuss this with the experts to see if that would compromise the examination. *Id.*

On Friday, April 29, 2016, Plaintiff's counsel sent an email stating that she was willing to stipulate to an examination, but with a new list of conditions: (1) that there be only "one" examination (apparently, and incorrectly, suggesting that Dr. Gold and Dr. Murrie would be performing distinct examinations, rather than doing two portions of the same exam); (2) that the examination be limited to only five hours; (3) that the date be approved "well in advance"; (4) that she be present "and/or" record the examination; and (5) that the examination be "limited to the Plaintiff's basic physical health history, any/all mental health history and reaction to the termination actually at issue." Ex. F. As these conditions (with the exception of providing advance notice of the examination date) are inappropriate and would interfere with the ability of Coach to obtain a valid medical opinion, it became necessary to file this motion.

## ARGUMENT

### I. The Court should order Plaintiff's medical examination because she has put her mental health in controversy.

For good cause, Federal Rule of Civil Procedure 35 allows the Court to order a party to submit to a physical or mental examination if her physical or mental condition is "in controversy." Fed.R.Civ.P. 35 (a)(1), (a)(2); *see also, e.g.*,

*Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Whether a party's health has been placed "in controversy" may be determined by the pleadings; thus, "[a] plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf*, 379 U.S. at 119. However, the moving party is not limited by the allegations of the opposing party's pleadings. *Id.*

Courts have taken two views of when a party's mental condition is in controversy such that there is good cause for a Rule 35 examination—either of which is easily met here. A minority of courts find that "a plaintiff puts her mental condition 'in controversy' by simply making a claim for emotional distress damages as part of an employment discrimination claim." *Gaines-Hanna v. Farmington Pub. Sch.*, 2006 WL 932074, at *8 (E.D. Mich. Apr. 7, 2006).[1] Thus, for instance, in *Sultan v. Roush Industries, Inc.*, No. 08-11002, 2008 WL 5188818, at *1 (E.D. Mich. Dec. 10, 2008), the Court held that the fact that the complaint alleged "injuries including mental anguish, depression, and extreme mental anguish caused by the conduct of defendants" was sufficient, by itself, to show good cause for a Rule 35 mental examination.

---

[1] Unpublished cases are attached in alphabetical order at Ex. G.

Other courts require a slightly greater showing, allowing a Rule 35 mental examination if "one or more" of the following are present:

> (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of claim for emotional distress damages; and/or (5) plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35.

*Gaines-Hanna*, 2006 WL 932074, at *8 (quoting *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 554 (N.D. Ga. 2001); *see also, e.g.*, *Turner v. Imperial Stores,* 161 F.R.D. 89, 95, 98 (S.D. Cal. 1995); *LeFave v. Symbios, Inc.,* No. CIV.A. 99-Z-1217, 2000 WL 1644154, *4 (D. Colo. Apr. 14, 2000); *Green v. Michigan Dept. of Natural Resources*, No. 08-14316, 2009 WL 1883532, at *2 (E.D. Mich. June 30, 2009).

Coach has good cause for a mental examination of Plaintiff under either test. Under the *Sultan* rule, Plaintiff's employment discrimination complaint alleges emotional distress damages, and that itself provides good cause for an exam. 2008 WL 5188818, at *1. And under *Gaines-Hanna* analysis, at least *three* of the independently sufficient reasons for a mental examination are present.

*First*, Plaintiff has asserted a claim for intentional infliction of emotional distress. The assertion of such a tort claim undisputedly warrants a mental health examination under Rule 35, as the "mental suffering that leads to an intentional

-7-

infliction of emotional distress claim is the essence of that claim, and thus, it is the essence of the controversy and an issue in the case." *Beightler v. SunTrust Banks, Inc.*, No. 2:07-cv-02532-DV, 2008 WL 1984508, at *2-3 (W. D. Tenn. Apr. 30, 2008) (granting motion for psychiatric evaluation, and noting that an IIED claim is "based solely on the existence of a mental injury"); *see also, e.g.*, *Gaines-Hanna*, 2006 WL 932074, at *8-*9; *Green*, 2009 WL 1883532, at *2.

*Second*, Plaintiff expressly alleges that she suffered "severe and serious" emotional distress—including "mental anguish," "humiliation," "mortification," and "loss of the ordinary pleasure of everyday life." Dkt. 1, ¶¶ 45, 49-50. In her deposition, she expressly agreed, on multiple occasions, that her alleged mental distress was "extreme" and remained "extreme" as of the deposition date, nearly three years later. *See supra* at 3. She also repeatedly catalogued the alleged severity of her distress, claiming she could not face social situations or leave the house without difficulty. *Id.* These are not "garden variety" allegations of mental distress, and the allegations independently provide good cause for a mental examination. *See, e.g.*, *Green*, 2009 WL 1883532, at *2 (ordering Rule 35 mental examination of plaintiff who alleged he suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment as a result of race discrimination, as this went beyond "garden variety" claims of

emotional distress);[2] *Gaines-Hanna*, 2009 WL 932074 (ordering mental exam, even though intentional infliction of emotional distress claim was dismissed, because remaining claims of emotional distress, including mental anguish, shock, embarrassment, loss of self-esteem, disgrace, humiliation, loss of enjoyment of life, were more than "garden variety").

*Third*, Plaintiff has effectively conceded that her mental health is in controversy. She agreed both verbally and in writing to an examination, albeit with unacceptable conditions. *See* Ex. E; Ex. F. She has argued recently that she "does not oppose and has never opposed production of mental health information," and denied that she is a "plaintiff seeking emotional distress damages who at the same time refuses to disclose mental health material." Dkt. 16, Pg ID 124. And while expert disclosures are not yet due, Plaintiff has identified her therapist in initial disclosures as a potential witness. Ex. B p. 5. Plaintiff's actions indicate that she is aware that her mental condition is at issue, and that an examination is warranted.

\* \* \*

Plaintiff's complaint and testimony make clear that she is asserting severe emotional distress, both as an element of damages in her weight discrimination claim and as the substance of her tort claim of intentional infliction of emotional distress. There is good cause for a Rule 35 examination.

---

[2] In *Green*, the plaintiff had not even sought psychological counseling or psychiatric treatment, yet a Rule 35 exam was ordered. 2009 WL 1883532, at \*3.

**II.     The conditions Plaintiff is attempting to place on the examination are unwarranted.**

To the extent that Plaintiff will respond to this motion seeking to impose her onerous conditions (*see* Ex. F), the Court should reject those conditions.

*First*, Plaintiff's apparent belief that Dr. Gold and Dr. Murrie are performing two distinct examinations is incorrect. As Dr. Gold—and Coach's counsel explained—the psychological testing and forensic psychiatric interview are two portions of a single, comprehensive mental examination. *See* Ex. D ¶¶ 3, 8.a; Ex. E. And, as Coach's counsel indicated, other courts in this district have permitted the two-part examination of the kind that Dr. Gold and Dr. Murrie will perform in this case. *See* Ex. E (providing court orders in *Hinzmann v. Ford* and *Lucia v. Ford* for similar two-part mental health examinations).

*Second*, Plaintiff's attempt to limit the overall examination to five hours on a single day, and on limited topics, is inappropriate. Dr. Gold has explained the purpose behind the two-part examination, explained that this is an established form of mental health examination, and that the examination takes two days of four to six hours each. Ex. D ¶¶ 3-8. There is no basis for Plaintiff's counsel to second-guess the method of the examination, or to artificially limit its time-frame. *See, e.g.*, *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 363 (D. Colo. 2004) (holding that the court was "not qualified, by training or experience, to second-guess the professional judgment of a board-certified psychiatrist with 15 years of

-10-

experience" and citing multiple cases rejecting a party's attempt to artificially limit the length or subjects of the examination); *Powers v. Chase Bankcard Servs., Inc.*, No. 2:10-CV-332, 2011 WL 1882365, at *2 (S.D. Ohio May 17, 2011) (rejecting Title VII plaintiff's efforts to prohibit psychological examiner from administering specific test because this would be unwarranted restraint on examiner's professional judgment). Moreover, "Rule 35 mental examinations lasting two days in length are not uncommon." *Torrey v. Marion Cty. Sch. Bd.*, No. 5:12-CV-662-OC-10PRL, 2014 WL 457766, at *2 (M.D. Fla. Feb. 4, 2014) (citing cases).

Dr. Gold is a highly-regarded, nationally-known forensic psychiatrist who has conducted hundreds of forensic examinations. Ex. H. She relies on a board-certified forensic psychologist to administer psychological testing before she does her examination. Administering psychological testing and incorporating the results into a forensic psychiatrist's report is reasonable, customary, and authorized by the rules of evidence. *See Lahar v. Oakland Cty.,* No. 05-72920, 2006 WL 2269340, at *2-3, *5-6 (E.D. Mich. Aug. 8, 2006). Plaintiff has no basis for substituting her judgment on what testing is appropriate over the professional judgment of a highly-trained psychiatric expert.

*Third*, Plaintiff's demand for her counsel to be present at the examination should be rejected. "The general rule in federal court is that observers should not be allowed unless the person to be examined shows special need or good reason for

the observer." *Sultan*, 2008 WL 5188818, at *2 (citations omitted); *see also, e.g.*, *Williams v. Serra Chevrolet Automotive, LLC*, No. 12-CV-11756, 2013 WL 3467314, at *1 (E.D. Mich. July 10, 2013); *Lahar*, 2006 WL 2269340, at *8. And "[f]ederal courts have been especially reluctant to approve of counsel's presence during a mental examination." *Sultan*, 2008 WL 5188818, at *2. There is no good reason for counsel here; Plaintiff is an intelligent adult capable of communicating with the examining doctor. *See Williams*, 2013 WL 3467314, at*1. By contrast, having an attorney present—and the possibility that counsel will communicate, question, or otherwise interfere with the normal administration of the medical examination—should not be permitted. Ex. D ¶ 8.b.

## III.     This motion should be heard at the pending May 12 hearing date.

This Court has already scheduled a May 12 hearing on pending discovery motions, and at Plaintiff's request, agreed to hold a status conference. In light of that pending hearing, and in order to conserve judicial and attorney resources, Coach requests that this motion be heard on the same date. The issues related to this motion are straightforward, and Plaintiff's counsel has already indicated that she has "reviewed the pertinent case law." Ex. F. There is no reason that the parties cannot argue this motion on May 12. Coach thus proposes that Plaintiff's response be due on May 10, with Coach to file a reply by May 11.

## CONCLUSION

The Court should grant Coach's motion and order Plaintiff to submit to a mental health examination as outlined by Dr. Gold.

Respectfully submitted,

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.

By: */s/Thomas  J. Davis*
    Elizabeth P. Hardy (P37426)
    Thomas J. Davis (P78626)
Attorneys for Defendant Coach, Inc.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com
tdavis@kohp.com

Dated:  May 2, 2016

-13-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties on record, and I hereby certify that I have caused to be served via U.S. mail the foregoing document to the following non-ECF participants:

(no manual recipients)

*/s/Thomas J. Davis*
Kienbaum Opperwall Hardy
  & Pelton, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@kohp.com
(P37426)

251358