UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH DELOREAN,

        Plaintiff,                                    Case No. 15-cv-13704
                                                      Hon. Matthew F. Leitman

v.

COACH, INC.,

        Defendant.

_____/

## <u>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF #17)</u>

On April 4, 2016, Plaintiff Elizabeth DeLorean ("Plaintiff") filed a motion to compel discovery in which she sought entry of any order requiring Defendant Coach, Inc. ("Defendant") to produce certain documents (the "Motion"). (*See* ECF #17.) On May 12, 2016, the Court held a hearing on the Motion.

For the reasons stated on the record, **IT IS HEREBY ORDERED** the Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. With respect to Request to Produce Number 5: Defendant shall produce documents it intends to use to refresh a witness's recollection at trial when Defendant determines that it may so use a document(s). Defendant need not produce documents it may use solely for impeachment purposes at trial.

1

2. With respect to Request to Produce Number 6: Defendant shall produce any responsive documents not already produced.

3. With respect to Request to Produce Number 8: Defendant shall produce documents it intends to introduce at trial when the Defendant makes the decision to introduce the document(s).

4.  With respect to Request to Produce Number 17: Defendant need not produce any documents in response to this request as currently framed. Plaintiff may attempt to propound a narrower request for documents in the personnel files of the individuals involved in Plaintiff's termination.

5. With respect to Request to Produce Number 18: The Court addresses three objections to this request.  First, Defendant appears to object that this request seeks documents covering in whole or in part the time period during which Andrea Maida supervised Plaintiff.  That objection is overruled.  Second, Defendant objects to this request as unduly burdensome and/or disproportional to the needs of the case.  The Court defers a final ruling on that objection.  The Court directs Defendant to determine whether the requested documents exist and, if so, where and in what format, and communicate the results of its efforts to locate documents to Plaintiff.  The Court then directs the parties to work together in an effort to (a) develop search terms that, when applied to Defendant's data and document base,

yield a reasonable number of documents for review and/or (b) otherwise narrow the scope of the request. If the parties are unable to reach an agreement concerning how to proceed, they may contact the Court to arrange a telephonic conference. Third, Defendant objects that this request seeks documents covering the time period after June 2014. That objection is sustained for the time being. The Court intends for the parties to focus their efforts at this point on developing a process for the gathering and production of documents responsive to this request for the time period January 1, 2012 through June 30, 2014. Once that production is complete and Plaintiff has reviewed it, Plaintiff may renew her request for production of responsive documents for the period after June 30, 2014. At that point, the Court will have a clearer sense of the burden involved in the gathering and production of documents that are responsive to this request and a better sense of the role that such documents may play in this action.

6. With respect to Request to Produce Number 19: Defendant shall produce the entire personnel file of the employee who replaced Plaintiff. Documents in the file related to (a) that employee's goals and performance and/or (b) any evaluation of that employee, may be produced subject to the protective order already entered in this action. All other documents shall be produced for review solely by Plaintiff's counsel ("attorney's eyes only") at the offices of

Defendant's counsel.  If Plaintiff's counsel wishes to seek relief from the attorney's eyes only designation for any document, counsel may seek a telephonic conference with the Court to discuss that relief.

7.  With respect to Request to Produce Number 25: Defendant shall produce the requested documents to the extent not already produced.

8.  With respect to Request to Produce Number 28: Defendant shall produce the entire personnel files of the individuals specifically identified in this request. Documents in the files related to (a) the individuals' goals and performance and/or (b) any evaluations of those individuals, may be produced subject to the protective order already entered in this action.  All other documents shall be produced for review solely by Plaintiff's counsel ("attorney's eyes only") at the offices of defense counsel.  If Plaintiff's counsel wishes to seek relief from the attorney's eyes only designation for any document, counsel may seek a telephonic conference with the Court to discuss that relief.

9.  With respect to Request to Produce Number 29: Defendant shall produce the requested personnel files.  Documents in the files related to (a) the individuals' goals and performance and/or (b) any evaluations of those individuals, may be produced subject to the protective order already entered in this action.  All other documents shall be produced for review solely by Plaintiff's counsel ("attorney's eyes only") at the offices of Defendant's

counsel.  If Plaintiff's counsel wishes to seek relief from the attorney's eyes only designation for any document, counsel may seek a telephonic conference with the Court to discuss that relief.

10.  With respect to Request to Produce Number 30: The Court addresses three objections to this request.  First, Defendant objects that it seeks documents covering in whole or in part the time period during which Andrea Maida supervised Plaintiff.  That objection is overruled.  Second, Defendant objects to this request as unduly burdensome and/or disproportional to the needs of the case.  The Court defers a final ruling on that objection.  The Court directs the parties to work together in an effort to (a) develop search terms that, when applied to Defendant's data and document base, yield a reasonable number of documents for review and/or (b) otherwise narrow the scope of the request.  If the parties are unable to reach an agreement concerning how to proceed, they may contact the Court to arrange a telephonic conference. Third, Defendant objects that this request seeks documents covering the time period after June 2014.  That objection is sustained for the time being.  The Court intends for the parties to focus their efforts at this point on developing a process for the gathering and production of documents responsive to this request for the time period January 1, 2012 through June 30, 2014.  Once that production is complete and Plaintiff has reviewed it, Plaintiff may

renew her request for production of responsive documents for the period after June 30, 2014. At that point, the Court will have a clearer sense of the burden involved in the gathering and production of documents that are responsive to this request and a better sense of the role that such documents may play in this action.

**IT IS FURTHER ORDERED** that the Motion is **DENIED** in all other respects.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2016


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 16, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

6